UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHARLIE BROWN HERITAGE FOUNDATION, *et al*, § § § § Plaintiffs, § VS. § § COLUMBIA BRAZORIA § INDEPENDENT SCHOOL DISTRICT, *et* § *al*, § § Defendants. § | CIVIL ACTION NO. 3:15-CV-346 |

## Memorandum Opinion and Order

Before the Court are the Motions for Summary Judgment filed by Defendant Columbia-Brazoria Independent School District ("CBISD") (Dkt. 73) and Defendants City of West Columbia ("City") and Debbie Sutherland ("Sutherland") (collectively "City Defendants") (Dkt. 74). Both motions are supplemented by Docket Entries 126 and 127. After considering the law, the evidence, and the record of this case as a whole, the Court **GRANTS** CBISD and City Defendants' motions for summary judgment as to the federal causes of action asserted against them.

## Factual Background

In 2007, the Board of Trustees of CBISD voted to donate the school and land known as The Charlie Brown School ("Property") to a 501(c)(3) non-profit corporation called the Charlie Brown Heritage Foundation ("CB"). Charlie Brown was a former slave who had given the land to CBISD. The donation was performed pursuant to Section 11.1541 of the Texas Education Code. CBISD's Board of Trustees published a

Resolution and Order for Donation of a Historical School Site. The parties then executed a Donation Deed Without Warranty ("Deed") that contained several conditions, restrictions, and reservations. According to these, the Property was conveyed "as is," it could only be used for a non-profit and public purpose to further the historical significance and preservation of the Charlie Brown School, and a reversionary clause stated that "[o]n condition that the Grantee fails or discontinues to use the Subject Property solely for non-profit, public purpose to further the historical significance of and preservation of the improvements and purposes related thereto … the Subject Property shall revert to the Grantor herein."[1]

Sutherland is the City Manager of West Columbia. In 2015, she sent a letter to CBISD's superintendent informing him that the Property had fallen into a state of neglect. The letter further stated that the IRS had revoked CB's non-profit status. Sutherland urged CBISD to investigate these potential violations of the Deed. Several months later, CBISD sent CB a letter stating that CB had failed to maintain the Property and its tax-exempt status. Because the Deed's conditions had been violated, according to CBISD's letter, title to the Property had reverted to CBISD.

CB filed a Petition in state court containing causes of action for trespass to try title and declaratory judgment. Both causes of action sought to prevent reverter. While that action was still pending, CB filed the instant suit in this Court. CB's Complaint asserted a number of state and federal claims against CBISD and City Defendants.

---

[1] Dkt. 73, pp. 6-7.

## Procedural Background

CB amended its Complaint three times amid a series of motions to dismiss filed by CBISD and City Defendants. At docket call, the Court denied CB's motion for summary judgment, and granted in part and denied in part CBISD's motion for summary judgment. The Court took the remainder of CBISD and City Defendants' motions for summary judgment under advisement. The confusing and imprecise nature of CB's pleadings subsequently led the Court to order CB to submit a list clarifying the remaining causes of action, their sources of law, related paragraphs in the Fourth Amended Complaint providing factual allegations, and the applicable Defendants for each cause of action. The document CB submitted provided little clarity regarding the factual and legal basis of its claims and raised even more questions about the validity of those claims.[2] The Court then ordered CB to file a more comprehensible list. But CB's effort fell short yet again.[3] As a result, the Court granted leave for CBISD and City Defendants to supplement their motions for summary judgment based on the remaining causes of action.[4]

Based on CB's list of the remaining causes of action, and taking into account the Court's previous rulings, the following live causes of action remain:

- 42 U.S.C. § 1983 claim for conspiracy
- Equal Protection claim under the Fourteenth Amendment of the U.S. Constitution
- Texas state-law breach of contract claim
- Texas state-law tort claims (including invasion of privacy, tortious interference with a business relationship, defamation, retaliation, and failure to provide appropriate services)

---

[2] Dkt. 103.
[3] Dkt. 119.
[4] *See* Dkts. 126, 127.

The Court ordered CB to file a response to CBISD and City Defendants' supplements to motions for summary judgment by June 27, 2017.[5] At 11:17 P.M. on June 27, Veronica L. Davis ("Davis"), an attorney who is also the president of the Foundation, filed a response on behalf of CB.[6] The response contained no exhibits. Davis later described this initial response as a "draft" that was "filed in error."[7] According to Davis, the response contained "factual inaccuracies" and information that was "not supported by case law."[8] Despite allegedly having filed the document in error, Davis notified neither the Court nor Defendants of the mistake. CBISD and City Defendants timely filed replies to CB's response on July 5. Then, fifteen days later on July 20—more than *three weeks* after the initial response was filed—Davis filed a "corrected" response to the supplements to motions for summary judgment.[9] The new response is 60 pages long—some 35 pages

---

[5] Dkt. 124.
[6] Dkt. 129. In CB's trial witness list, Davis identified herself as a material fact witness. Dkt. 91-1, p. 3. On April 20, 2017—one day prior to docket call—the Court gave notice to all parties to come prepared to discuss the potential conflict of interest posed by Davis serving as both CB's counsel and its witness at trial. Dkt. 97. At docket call on April 21, Ms. Davis acknowledged that she would not be able to act as both counsel and witness. She informed the Court that she had obtained counsel and voluntarily withdrew herself as CB's counsel of record. On April 28, William Jones ("Jones") filed a notice of appearance as CB's counsel. Dkt. 108. When Davis appeared with Jones at a discovery hearing on May 4, the Court explicitly reminded Davis that she was no longer the counsel of record for CB. The Court repeated this admonition at a hearing on November 7, 2017. However, without any explanation and despite not being the counsel of record, Davis continued to sign and file pleadings on behalf of CB. *See, e.g.*, Dkts. 129, 132, 133, 134.
[7] Dkt. 133, p. 1.
[8] *Id.* at pp. 1-2.
[9] Dkt. 132. Davis's extensive history of filing late and failing to meet the Court's deadlines in this case speaks for itself. CB's response to CBISD's motion to dismiss (Dkt. 5) was due on February 23, 2016; Davis filed the response on March 12, 2016. Dkt. 8. The Court's Procedures Rule 6.B required CB's response to City Defendants' request for a pre-motion conference (Dkt. 30) to be filed by September 4, 2016; Davis filed the response on October 19, 2016. Dkt. 39. CB's response to the City Defendants' motion to dismiss (Dkt. 48) was due on February 10, 2017; Davis filed the response on February 15, 2017. Dkt. 53. CB's response to CBISD's motion

4 / 11

longer than permitted by the Court's local rules.[10] It contains nearly 150 pages of previously unseen exhibits as well as new arguments.[11]

CB's responses—both the initial and corrected versions—can only be described as nebulous, meandering, and conclusory.[12] Even trying to view the established facts in the light most favorable to CB, it is nearly impossible for the Court to ascertain which facts support the specific causes of action asserted.

For the reasons stated below, the Court finds that CBISD and City Defendants' motions for summary judgment as to the federal causes of action should be granted.

---

for summary judgment (Dkt. 73) was due on April 10, 2017; Davis filed the response on April 19, 2017. Dkt. 95.

[10] Court's Procedures Rule 7.A. Davis did not file a motion for leave to file excess pages until August 18, 2017—almost a month after the 60-page response was filed. *See* Dkt. 139.

[11] This is not the first time Davis filed a timely pleading only to file a "corrected" version of it after the deadline. On August 31, 2016, at 11:58 PM, with two minutes to spare, Davis timely filed CB's response (Dkt. 31) to CBISD's motion to dismiss (Dkt. 25). But just like CB's initial response to the supplements to motions for summary judgment, the response to the motion to dismiss contained no exhibits. On September 1, 2016, and without leave of Court, Davis filed a "corrected" response, this time with all exhibits attached. Dkt. 32. Davis has a history of similar conduct in other cases before the Court. For example, Davis served as Plaintiff's counsel in *Barrett v. Columbia Brazoria ISD*, 3:15-cv-078. On March 1, 2016, Davis timely filed a motion for summary judgment. Dkt. 45. *See* August 21, 2015 Docket Control Order, Dkt. 24, for relevant deadlines. On March 10, 2016, without explanation and leave of Court, Davis filed a "corrected" motion for summary judgment along with "corrected" exhibits. Dkts. 47-50.

[12] Both responses were signed and filed by Davis, who was not CB's counsel of record at the time of filing. In light of the Court's multiple warnings that she was not CB's counsel of record, Davis's continued filing of pleadings is inexplicable. Rule 11 of the Federal Rules of Civil Procedure states, "Every pleading, written motion, and other paper must be signed by at least one *attorney of record* in the attorney's name—or by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a) (emphasis added). Thus, CB's responses (Dkts. 129, 132) do not comply with Rule 11. In addition, Rule 11.3 of the Local Rules of the U.S. District Court for the Southern District of Texas states, "Every document filed must be signed by, or by permission of, the attorney-in-charge." The very next rule, 11.4, permits the Court to strike a pleading "that does not conform to the local or federal rules[.]"

## Standard of Review

The motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant may meet its burden by pointing out the absence of evidence supporting the nonmovant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 321-323. The nonmovant must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 324). The party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted." *Celotex*, 477 U.S. at 322-23.

When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986); *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). But summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). Additionally, allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) ("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995) (stating that for the nonmovant, "only evidence—not argument, not facts in the complaint—will satisfy the burden.") (citing *Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991)). The Fifth Circuit has explained that, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

**Analysis**

A. Motion for Leave to File Amended Partial Response to the Pending Motions for Summary Judgment

Before the Court can consider the pending motions for summary judgment, it must first decide whether to allow Davis to once again flaunt the Federal Rules of Civil Procedure with respect to timely filing of pleadings. As noted above, in this case alone, Davis failed to timely file pleadings on four separate occasions. When she does make

timely filings, she has a history of filing an incomplete version to serve as a placeholder and then filing a "corrected" version days or, in the case of the response to CBISD and City Defendants' supplements to motions for summary judgment, weeks later. Here, Davis filed CB's "corrected" response *after* opposing counsel had already filed reply briefs in support of their motions. The Court finds that Davis's untimely filings have resulted in needless delay in the timely resolution of this case and cost to Defendants and the Court. As the Fifth Circuit held in *Davis v. Syntex Labs., Inc.* nearly twenty years ago, the Court finds that "it is beyond peradventure that Davis willfully abused the judicial process[.]" No. 98-20046, 1998 WL 414258, at *1 (5th Cir. July 8, 1998).[13]

In the past, in the interest of justice, the Court has been extremely lenient with Davis's untimely and "incomplete" filings. Today, that leniency comes to an end. The Court has "broad discretion in controlling its own docket." *Edwards v. Cass Cty., Tex.*, 919 F.2d 273, 275 (5th Cir. 1990). The Court ordered CB to file a response by June 27, 2017. As noted above, the corrected response, containing new evidence and arguments, was untimely filed. Accordingly, the Court **DENIES** CB's Motion for Leave to File Amended Partial Response to Defendants' Supplemental Motions for Summary Judgment (Dkt. 133) and **STRIKES** CB's corrected response to CBISD and City Defendants' supplements to motions for summary judgment (Dkt. 132).[14] The only

---

[13] In that case, the Fifth Circuit held that Davis had failed to comply with court orders and affirmed the district court's dismissal of Davis's pro se complaint.

[14] The Court also **STRIKES** Docket Entry 137—CB's surreply—for failure to comply with the Court's Procedures Rule 6.C.4.

pleading responsive to the pending motions that the Court will now consider is CB's initial response, which does not contain any of the exhibits referenced in the response.[15]

B. Summary Judgment Motions

The Court will now consider the pending motions. However, under the facts of this case, the Court is not required to, and will not, "sift through the record in search of evidence to support [CB's] opposition to summary judgment," and make sense of the factual and legal inaccuracies contained in the CB's response. *Adams*, 465 F.3d at 164.

CBISD and City Defendants seek summary judgment on CB's civil conspiracy claim. To prevail on a 42 U.S.C. § 1983 conspiracy claim, "a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds as recognized by Martin v. Thomas*, 973 F.2d 449, 455 (5th Cir. 1992). City Defendants argue that CB presents no evidence establishing the existence of a conspiracy. The Court agrees. CB fails to identify any summary judgment evidence that supports either element of civil conspiracy. Thus, the Court finds the evidence in the summary judgment record fails to raise a genuine dispute of material fact as to any of the elements of a § 1983 conspiracy claim.[16]

---

[15] Dkt. 129.
[16] While CB lists a 42 U.S.C. § 1985 conspiracy claim as a remaining cause of action, Dkt. 119, CB never pled this claim in its Fourth Amended Complaint. Dkt. 43. Therefore, this is not a remaining claim before the Court.

CBISD and City Defendants seek summary judgment on CB's equal protection claim. To establish an equal protection claim, a plaintiff must show that "two or more classifications of similarly situated persons were treated differently." *Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *see also Stefanoff v. Hays Cty.*, 154 F.3d 523, 525-26 (5th Cir. 1998). Once this element is established, the court must determine the appropriate level of scrutiny. CBISD and City Defendants assert that CB fails to present evidence establishing the threshold element of the equal protection claim. The Court agrees and need not reach the second step of the analysis. Therefore, the Court finds the evidence in the summary judgment record does not raise a genuine dispute of material fact as to the threshold element of CB's equal protection claim.[17]

With the Court granting CBISD and City Defendants' motions for summary judgment as to all federal causes of action, only the state-law claims remain. In the absence of federal subject matter jurisdiction under either 28 U.S.C. §§ 1331 or 1332(a), the Court declines to exercise supplemental jurisdiction over the state-law claims. 28 U.S.C. § 1367(c)(3). The Court makes this ruling in accordance with "[t]he general rule … that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial[.]" *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

---

[17] CB mentioned a substantive due process claim only once in its Fourth Amended Complaint. Dkt. 43, p. 6. CB has failed to address this claim any further. Conclusory pleading is insufficient and cannot defeat CBISD and City Defendants' summary judgment on these claims.

## Conclusion

For the foregoing reasons, the Court **DENIES** CB's Motion for Leave to File Amended Partial Response to Defendants' Supplemental Motions for Summary Judgment (Dkt. 133) and **STRIKES** CB's corrected response to CBISD and City Defendants' supplements to motions for summary judgment (Dkt. 132).

Furthermore, the Court **GRANTS** CBISD and City Defendants' motions for summary judgment as to the federal causes of action. Accordingly, it is hereby **ORDERED** that all federal causes of action asserted by Plaintiff against CBISD and City Defendants are **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that all remaining state-law claims are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Galveston, Texas, this 3rd day of May, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge